UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: PAULA MARIE HOPKINS,

        Debtor.
_____

Civil Case No. 13-14757
Honorable Patrick J. Duggan

PAULA HOPKINS,

        Appellant,

v.

FEDERAL HOME LOAN CORPORATION,

        Defendant-Appellee,
_____/

Bankruptcy Case No. 13-53472
Honorable Marci B. McIvor

## OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This matter is before the Court as an appeal from the United States Bankruptcy Court for the Eastern District of Michigan ("bankruptcy court"). Debtor-Appellant Paula Marie Hopkins ("Hopkins") appeals the Honorable Marci B. McIvor's August 29, 2013 order granting the motion for relief from the automatic stay filed by Appellee Federal Home Loan Mortgage Corporation ("Freddie Mac"). After extensions of the briefing schedule, Hopkins filed her appellant brief on January 7, 2014; Freddie Mac filed its appellee brief on January 16, 2014. Hopkins had until January 30, 2014 to file a reply brief, no brief was

filed. On March 3, 2014, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the matter pursuant to Eastern District of Michigan Local Rule 7.1(f).

## Standard of Review

Under 28 U.S.C. § 158(a)(1), federal district courts have "jurisdiction to hear appeals . . . from final judgments, orders, and decrees" of the bankruptcy court. The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard. Fed. R. Bankr. P. 8013. The bankruptcy court's conclusions of law are reviewed *de novo*. *Nuvell Credit Corp. v. Westfall (In re Westfall)*, 599 F.3d 498, 501 (6th Cir. 2010).

## Factual and Procedural Background

On January 27, 2006, Hopkins obtained a $417,000.00 loan from Pathway Financial LLC for the purchase of real property located at 23111 Britner Court, Bingham Farms, Michigan ("Property"). As security for the loan, Hopkins granted a mortgage on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender. The mortgage was recorded in the Oakland County Register of Deeds in February 2006.

According to Hopkins, the loan and/or the mortgage were assigned to Washington Mutual Mortgage ("WAMU"). In 2008, the United States Office of

Thrift Supervision placed WAMU into receivership and subsequently sold its loans and loan commitments to JP Morgan Chase Bank, N.A. ("Chase"). The assignment of Hopkins' mortgage to Chase was recorded on October 19, 2009 with the Oakland County Register of Deeds. (*See* ECF No. 9 Ex. A at 2.)

In 2009, Hopkins qualified for a loan modification and was approved for a trial modification. She claims that, despite making all her trial payments on time as directed, she was terminated from the modification and Chase initiated foreclosure proceedings pursuant to Michigan's foreclosure by advertisement statute. A sheriff's sale was conducted on September 7, 2010, at which Freddie Mac was the successful bidder with a purchase price of $440,069.23. (*Id.* Ex. B ¶ 8 & Attach. 6 [Sheriff's Deed].) The redemption period expired on March 7, 2011, without Hopkins redeeming the Property.

Freddie Mac thereafter filed an action in state court to evict Hopkins from the Property. In response, Hopkins filed a complaint against Freddie Mac in state court alleging: (1) declaratory judgment/wrongful foreclosure; (2) quiet title; and (3) slander of title. Freddie Mac thereafter filed a motion for summary disposition, which the state court granted in an opinion and order entered January 25, 2012. (ECF No. 9 Ex. A.) Hopkins filed a motion for reconsideration, which was denied on February 24, 2012. (*Id.* Ex. C.) The Michigan Court of Appeals affirmed in a

March 14, 2013 decision. (*Id*. Ex. D.)

On July 11, 2013, Hopkins filed for protection under Chapter 13 of the Bankruptcy Code in the bankruptcy court. On July 17, 2013, Freddie Mac moved for relief from the automatic stay with respect to the Property pursuant to 11 U.S.C. § 362(d)(1) and (2). Freddie Mac argued that the automatic stay should be vacated because the redemption period following the foreclosure period for the property had expired, which effectively extinguished Hopkins' rights in and title to the Property. (ECF No. 9 Ex. B.) Freddie Mac additionally argued that the filing of the bankruptcy case could not reinstate the mortgage or toll the redemption period pursuant to *In re Glenn*, 760 F.2d 1428 (6th Cr. 1985). (*Id*.) Finally, Freddie Mac argued that the fair market value of the Property was less than the foreclosure sale price and therefore there was no equity in the Property for the benefit of the bankruptcy estate. (*Id*.) In response, Hopkins argued that the foreclosure was not conducted in accordance with Michigan law and that she suffered unspecified prejudice as a result. (*Id*. Ex. E.)

On August 27, 2013, Judge McIvor held a hearing with respect to Freddie Mac's motion. (*Id*. Ex. F.) Citing *Glenn*, the bankruptcy court granted the motion on the record. (*Id*. at 7-8) A written order was entered on August 29, 2013. (*Id*. Ex. G.) Hopkins appealed Judge McIvor's decision on November 18, 2013.

In the statement of issues to be presented on appeal, Hopkins listed:

1. Whether or not the Court erred by lifting the automatic stay?

2. Whether or not the Debtor is allowed to attempt to confirm a plan to restructure the indebtedness on a mortgage when the foreclosure was not performed consistent with state law?

3. Whether or not the foreclosure was an impermissible taking pursuant to the 5th Amendment to the United States Constitution?

4. Whether or not Freddie Mac had standing to foreclose?

5. Whether or not the bankruptcy court erred by not allowing the Debtor an evidentiary hearing to determine whether Freddie Mac violated the U.S. Constitution.

(ECF No. 1 at Pg ID 8.) In her brief on appeal, Hopkins abandons some of the above issues and raises others, arguing:

1. The bankruptcy court erred by failing to inquire as to the underlying issues regarding the wrongful foreclosure.

2. Hopkins has standing to challenge the sheriff's sale as voidable.

3. Overbidding at the sale was not fair and in bad faith violating Michigan's foreclosure by advertisement statute.

4. Freddie Mac cannot constitutionally take Hopkins' property without a judicial hearing and violated Hopkins' Due Process rights.

(ECF No. 6.)

In response, Freddie Mac argues that a motion seeking relief from the

automatic stay is not the appropriate vehicle to litigate challenges to the foreclosure process and that pursuant to *Glenn* the bankruptcy court properly granted the motion to lift the stay. Alternatively, Freddie Mac argues that Hopkins' challenges to the foreclosure process are barred by the *Rooker-Feldman* doctrine and the doctrine of *res judicata* and, even if not barred, lack merit.

## Applicable Law and Analysis

In the bankruptcy court, Freddie Mac moved to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and/or (2). These provisions state:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization . . .

11 U.S.C. § 362. The bankruptcy court granted Freddie Mac's motion, relying on *Glenn* to find that Hopkins no longer had an interest in the Property. The bankruptcy court did not err in her ruling.

-6-

In *Glenn*, the Sixth Circuit held:

> [U]nder 11 U.S.C. § 1322(b) a Chapter 13 debtor may cure a default on a mortgage on his principal residence even when the debt has been accelerated and a judgment of foreclosure has been entered *provided that no foreclosure sale has taken place. Once the property has been sold*, the right to cure the default and reinstate the terms of the mortgage under section 1322(b) ceases. We also hold that the automatic stay provisions of 11 U.S.C. § 362(a) do not toll or extend the running of state statutory periods of redemption following foreclosure sales. Moreover, 11 U.S.C. § 105(a) does not empower the courts to issue separate orders tolling statutory redemption periods absent exceptional circumstances such as fraud, mistake, accident, or erroneous conduct.

*Id*. at 1442-43 (emphasis added). Pursuant to this holding, Hopkins, as a Chapter 13 debtor, was no longer permitted to cure the default on the Property pursuant to § 1322(b) after the foreclosure sale occurred. Here, not only had the sheriff's sale occurred, but the redemption period also had expired without Hopkins redeeming the Property before she filed her Chapter 13 petition. As a result, the Property was not part of the bankruptcy estate. *See* Mich. Comp. Laws § 600.3236 (providing that once the redemption period expires without redemption, the deed issued at the sheriff's sale "become[s] operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage . . ."); *see also Collins v. Wickersham*, 862 F. Supp. 2d 649 (E.D. Mich. 2012) ("Under Michigan law, once the redemption

period has expired, the former owner's rights in and title to the property are extinguished") (citing *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514, 517 (Mich. 1942)).

While former property owners have the right to challenge foreclosure proceedings after expiration of the redemption period, the right is limited to allegations of fraud or irregularity in the proceedings themselves. *See El-Seblani v. Indymac Mort. Servs.*, 510 F. App'x 425, 429 (6th Cir. 2013) (citing *Freeman v. Wozniak*, 241 Mich. App. 633, 617 N.W.2d 46, 49 (2000)). Moreover, it is within the bankruptcy court's discretion whether to consider such allegations in response to a motion for relief from the stay. *See In re Lebbos*, 455 B.R. 607, 615 (Bankr. E.D. Mich. 2011) (explaining that the bankruptcy court's inquiry under § 362 in deciding whether to lift the automatic stay "is narrowly limited to whether a creditor has a colorable claim against property of the estate") (citing cases). To the extent the allegations are considered, it is on "a limited basis" only, *see id*. at 614, because a request for relief from the stay "is obtained by a simple motion . . . and it is a 'contested matter,' rather than an adversary proceeding." *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir. 1994) (citing Fed. R. Bankr. P. 4001, 9014). The bankruptcy court's inquiry is limited to whether the movant has a "colorable claim" to the property in question. *Id*. at 32 (citing cases).

As such, it was within Judge McIvor's discretion whether to consider Hopkins' arguments in favor of setting aside the foreclosure sale when deciding Freddie Mac's motion. Judge McIvor recognized that the state courts had considered and rejected Hopkins' challenges already, thus further indicating that Freddie Mac had a colorable claim to the Property. (*See* ECF No. 9 Ex. F at 5.)

Judge McIvor also could have granted Freddie Mac's motion because Hopkins lacked equity in the Property. Hopkins does not directly address this alternative ground for granting Freddie Mac's motion in her appeal brief. She does argue that Freddie Mac's bid at the sheriff's sale for more than the fair market value of the Property was unfair and in violation of Michigan Compiled Law § 600.3228. However, Section 3228 provides only that "[t]he mortgagee, his assigns, or his or their legal representatives, may, fairly and in good faith, purchase the premises so advertised, or any part thereof, at such sale." Mich. Comp. Laws § 600.3228.

Freddie Mac's bid for the Property was a "full credit bid." As this Court recently noted in rejecting this "fair bid" argument that Hopkins' counsel raised in a previous foreclosure case, "[s]uch bids actually help a borrower because in such [a] situation the borrower 'is no longer liable for the debt.'" *Washington v. BAC Home Loans Servicing, L.P.*, No. 12-12940, 2013 WL 5476023 (E.D. Mich. Oct. 2,

2013) (quoting *Rubin v. Fannie Mae*, No. 12-12832, 2012 WL 6000572, at *2 (E.D.Mich. Nov. 30, 2012) (Hood, J.)); *see also New Freedom Mortg. Corp. v. Globe Mortg. Corp.*, 281 Mich. App. 63, 68, 761 N.W.2d 832, 836 (2008) (citations omitted) (reflecting approval for full credit bids); *Bank of America, N.A. v. Dennis*, No. 12-11821, 2013 WL 1212602, at *4 (E.D. Mich. Mar. 25, 2013) (Steeh, J.) (rejecting the borrower's argument that credit bidding was a bad faith violation of Michigan Compiled Laws § 600.3228)). Hopkins fails to convince the Court that such bids violate Michigan law.

For these reasons, the Court concludes that the bankruptcy court properly granted Freddie Mac's motion to lift the stay.

Hopkins has raised several issues on appeal that were not addressed by the bankruptcy court. Generally, appellate courts refrain from deciding issues not decided by the lower court. *See Baker v. Sunny Chevrolet, Inc.*, 349 F.3d 862, 866 (6th Cir. 2003) (citation omitted). "This restraint, however, is simply a matter of discretion, as the [appellate courts] remain free to resolve such issues if the 'proper resolution is beyond doubt' or 'where injustice might otherwise result.'" *Id.* (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 335 (6th Cir. 1997) (internal quotation marks and additional citation omitted)). This Court finds the proper resolution of the issues raised by

-10-

Hopkins on appeal to be "beyond doubt."

For the reasons argued by Freddie Mac in its brief on appeal, the doctrine of *res judicata* bar Hopkins' current challenges to the foreclosure proceedings. The challenges were– or could have been– raised in the complaint she filed in state court. Moreover, Hopkins' challenges to the foreclosure process lack merit.

First, her argument that the lack of a recorded assignment from the FDIC to Chase caused her prejudice– i.e., termination of the trial modification without reason or notice (*see* ECF No. 6 at Pg ID 118)– does not justify setting aside the sheriff's sale. Even if there in fact is no evidence of a recorded assignment, this has no connection to the prejudice Hopkins claims. A defect in the Michigan statutory foreclosure proceedings renders the foreclosure sale voidable, not void, and only upon the showing of prejudice *resulting from* the defect. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 361 (6th Cir. 2013) (relying on *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115, 825 N.W.2d 329, 337 (2012) ("hold[ing] that defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not *void ab initio*" and that "to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with [Michigan's foreclosure-by-advertisement statute]."))

Second, as this Court has held before, Plaintiff's only remedy for the alleged

-11-

revocation of the modification agreement or denial of a modification was to seek to convert the foreclosure-by-advertisement proceedings to a judicial foreclosure. *Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 WL 5525942 at *5 (E.D. Mich. Nov. 14, 2011) (citing cases). Finally, as this Court and the other federal courts that have addressed the issue have concluded, Fannie Mae is not a government actor. *See In re Kapla*, No. 13-13095, 2014 WL 346019, at *3 (E.D. Mich. Jan. 30, 2014) (citing cases). Without state action, constitutional claims challenging foreclosure proceedings– here, Hopkins' Due Process claim– fail as a matter of law. *Id*. ("It is well-established that constitutional claims cannot be maintained absent state action") (citing *Pub. Utils. Comm'n v. Pollak*, 343 U.S. 451, 461, 72 S. Ct. 813, 820 (1952); *Northrip v. Fed. Nat'l Mortg. Ass'n*, 527 F.2d 23, 25 (6th Cir.1975)).

## Conclusion

For the above reasons, the Court concludes that the bankruptcy court properly exercised its discretion in declining to address Hopkins' challenges to the foreclosure and did not err in granting Freddie Mac's motion to lift the automatic stay under 11 U.S.C. § 362(d). Not only did Freddie Mac have a colorable claim to the Property, but Hopkins' challenges to the foreclosure are barred by *res judicata* and fail on their merits.

Accordingly,

**IT IS ORDERED**, that the bankruptcy court's August 29, 2013 Order Granting Relief from the Automatic Stay is **AFFIRMED**.

Dated: March 10, 2014              s/PATRICK J. DUGGAN
                                   UNITED STATES DISTRICT JUDGE

Copies to:
Stuart Sandweiss, Esq.
John P. Kapitan, Esq.
David W. Ruskin, Esq.
Thomas D. DeCarlo, Esq.

Honorable Marci B. McIvor